IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIM. ACT. NO. 1:23-cr-212-TFM |
| | ) |
| RODERICK FARRIER | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's *Motion to Dismiss on Second Amendment Grounds* (Doc. 17, filed 1/8/24). The United States filed its response in opposition (Doc. 23, filed 1/12/24). Upon consideration of the motion, response, and relevant law, for the reasons set forth below, the motion to dismiss is **DENIED**.

**I.   BACKGROUND AND MOTION**

On November 27, 2023, Defendant Farrier was indicted by the Grand Jury for two separate counts. *See* Doc. 1. Count One charges possession of a firearm by a prohibited person (felon) while Count Two charges possession of ammunition by a prohibited person (felon) both in violation of 18 U.S.C. § 922(g)(1). *Id*.

The motion to dismiss (Doc. 17) asserts a facial constitutional challenge arguing that after *New York State Rifle & Pistol Association, Inc. v. Bruen*, --- U.S. ---, 142 S. Ct. 2111 (2022), the Court announced a "text-and-history test" for analyzing Second Amendment challenges. Farrier also raises an "as applied" challenge arguing that he has never been convicted of a crime of violence and that there is nothing to suggest that he has ever used firearms in a dangerous/careless manner or for a criminal purpose. He argues that he is a non-violent, loyal, American citizen who completed his prior sentence. Doc. 17 at 33-35.

The United States filed a response in opposition to the motion to dismiss. *See* Doc. 23.

The response asserts the motion should be denied because the Second Amendment protects law-abiding citizens and not felons. The United States asserts that the Eleventh Circuit's binding precedent for *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010) has not be overruled or abrogated. *See* Doc. 23 at 2-5  Moreover, even if *Bruen* scrutiny were to apply, the United States says that § 922(g)(1) is consistent with traditional regulations as early governments had broad latitude to punish felons and could disarm dangerous or unvirtuous citizens. *Id.* at 5-9. The United States also asserts that the Court should reject the as-applied challenge because his criminal record evinces a serious disregard for the law. *Id*. at 9.

The Court finds that oral argument is not necessary and the motion to dismiss is fully briefed and ripe for the Court's review.

## II.    DISCUSSION AND ANALYSIS

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.  In 2008, the Supreme Court issued an opinion in which it held that the Second Amendment protects an individual's right to keep and bear arms for the purpose of self-defense. *District of Columbia v. Heller*, 554 U.S. 570 (2008).  In 2010, the Supreme Court then held that the Fourteenth Amendment's due process clause incorporates the Second Amendment right recognized in *Heller*, making it enforceable against the states.  *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

After *Heller* and *McDonald*, many circuits (including the Eleventh Circuit) employed a two-step framework: "first, we ask if the restricted activity is protected by the Second Amendment in the first place; and then, if necessary, we . . . apply the appropriate level of scrutiny." *United States v. Focia*, 869 F.3d 1269, 1285 (11th Cir. 2017) (citation omitted).

*Bruen*, 142 S. Ct. 2111, upended the second part of that framework by finding it was "one step too many." 142 S. Ct. at 2127. The Court held:

> Step one of the predominant framework is broadly consistent with Heller, which demands a test rooted in the Second Amendment's text, as informed by history. But Heller and McDonald do not support applying means-end scrutiny in the Second Amendment context. Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.

*Id*. Thus, when analyzing Second Amendment challenges to firearm regulations, courts must first determine whether "the Second Amendment's plain text covers an individual's conduct[.]" *Id*. at 2129-30. If so, "the Constitution presumptively protects that conduct[,]" and "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure permits a defendant to request pre-trial dismissal of charges where there exists "a defect in the indictment," such as "an infirmity of law in the prosecution." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987).

**A.  Facial Challenge**

Farrier argues that 18 U.S.C. § 922(g)(1) is unconstitutional because the statute violates the Second Amendment to the United States' Constitution.

In *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), the Eleventh Circuit rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(1). An Eleventh Circuit holding is binding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). To overrule Eleventh Circuit precedent, a Supreme Court ruling must be "clearly on point." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003). Importantly, the Supreme Court did not overrule *Heller* or *McDonald*. *Bruen*, 142 S. Ct. at 2129-

30.     Rather, the Supreme Court stated that the lower courts had misinterpreted both cases when they applied means-end scrutiny in a Second Amendment context and instead only clarified the standard as opposed to creating a new one.   *Id*.

The Eleventh Circuit issued *Rozier* after the issuance of *Heller*.   Further, in *Heller*, the Supreme Court, while it did not consider § 922(g)(1), did state:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on *longstanding prohibitions* on the *possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Heller*, 554 U.S. at 626-27 (emphasis added). The Supreme Court stated that these regulatory measures were "presumptively lawful."   *Id*. at 627 n. 26.   In *Rozier*, the Court held "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class."   *Rozier*, 598 F.3d at 771; *cf. United States v. White*, 593 F.3d 1199, 1205 (11th Cir. 2010) (recognizing § 922(g)(1) as "presumptively lawful").   Further, in *Rozier*, the Eleventh Circuit did not discuss the second "means end scrutiny" step overturned by *Bruen*. Moreover, by reaffirming and adhering to its reasoning in *Heller* and *McDonald* the Supreme Court in *Bruen*, did not change the regulatory framework that prohibits felons from possessing firearms. Throughout the *Bruen* decision, the Supreme Court repeatedly references "law-abiding" citizens.   *See, e.g., Bruen*, 142 S. Ct. at 2131 ("The Second Amendment . . . 'surely elevates above all other interests the right of *law-abiding, responsible citizens* to use arms' for self-defense.") (emphasis added) (quoting *Heller*, 554 U.S. at 635); *id*. at 2134 ("It is undisputed that petitioners Koch and Nash—two ordinary, *law-abiding, adult citizens*—are part of 'the people' whom the Second Amendment protects.") (emphasis added); *id*. at 2156 ("New York's proper-cause

requirement violates the Fourteenth Amendment in that it prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms.") (emphasis added).

Consequently, *Rozier* is still good law, this Court must apply it, and § 922(g)(1) is constitutional. Therefore, Defendant Farrier's argument fails and the motion to dismiss must be denied.

**B.     As Applied Challenge**

Rule 12 authorizes the district court to resolve before trial only those motions "that the court can determine *without a trial of the general issue*." FED. R. CRIM. P. 12(b)(2) (emphasis added). "In a criminal case, the general issue is defined as evidence relevant to the question of guilt or innocence." *United States v. Pope*, 613 F.3d 1255, 1259 (11th Cir. 2010) (quotation omitted). Therefore, pretrial resolution of a motion to dismiss the indictment is permitted only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60, 89 S. Ct. 1559, 23 L. Ed. 2d 94 (1969). Generally, as-applied constitutional challenges necessarily involve an examination of the facts of the case.

In this case, the Court would be required to make findings of fact beyond whether those facts which are alleged in the indictment are adequate to state an offense. Such determinations would require a trial of the general issue of guilt or innocence, and, hence, are the province of a jury. *See United States v. Pope*, 613 F.3d 1255, 1260-61 (11th Cir. 2010) (ruling that district court was unable to properly resolve defendant's pretrial motion to dismiss indictment where defendant claimed that his charge under § 922(g)(9) was unconstitutional under Second Amendment because he possessed guns only for defense of self, family, and property); *see also United States v. Martinez-Guillen*, Civ. Act. No. 2:10-cr-192-MEF, 2011 WL 588350, *3 n. 3,

2011 U.S. Dist. LEXIS 12691, at *8 n. 3 (M.D. Ala. Jan. 12, 2011) *adopted by* 2011 WL 578786, 2011 U.S. Dist. LEXIS 12679 (M.D. Ala. Feb. 9, 2011) (Rejecting as-applied challenge to 18 U.S.C. § 922(g)(5)(A) brought in a motion to dismiss the indictment based on the Second Amendment. "[I]n order to resolve any as-applied challenge in this case, the Court would be required to make findings of fact beyond whether those facts which are alleged in the indictment are adequate to state an offense [and s]uch determinations would require 'a trial of the general issue' of guilt or innocence, and, hence, are the province of a jury[.]"); *United States v. Boffil-Rivera*, Civ. Act. No. 08-20437-CR-GRAHAM/TORRES, 2008 WL 8853354, *4, 2008 U.S. Dist. LEXIS 84633, *10-11 (S.D. Fla. Aug. 12, 2008), *adopted by* 2008 WL 11409410, 2008 U.S. Dist. LEXIS 141044 (S.D. Fla. Sep. 22, 2008) (explaining as-applied versus facial challenges and noting that an as-applied challenge to 18 U.S.C. § 922(g)(5) "cannot be procedurally raised at this juncture of the case," i.e., by motion to dismiss that count of the indictment).

Moreover, Farrier's assertions as to his as-applied challenge would require the Court to go well outside the facts presented in the indictment and to make factual findings that it simply cannot do so at this stage. Therefore, Farrier's argument is not appropriate for a pretrial motion to dismiss, but nothing in this opinion precludes that he may raise the issue after the presentation of evidence at trial.

### III.  CONCLUSION

For the reasons discussed here, the *Motion to Dismiss on Second Amendment Grounds* (Doc. 17) is **DENIED**.

**DONE** and **ORDERED** this 17th day of January 2024.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE